OPINION
{¶ 1} On March 26, 2007, appellant, Kerry Henry, was cited for speeding in violation of R.C. 4511.21(D)(3) and failure to wear a seat belt in violation of R.C. 4513.263(B)(1). At the time, appellant was operating a commercial tractor-trailer, and his speed was clocked by Ohio State Highway Patrol aircraft.
 {¶ 2} A bench trial commenced on April 30, 2007. The trial court found appellant guilty as charged, and ordered him to pay fines totaling $80.00 plus costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS FOUND GUILTY OF A SEATBELT VIOLATION."
 II {¶ 5} "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS FOUND GUILTY OF SPEEDING."
 I, II {¶ 6} Appellant claims his convictions were not proven by the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at *Page 3 
paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 SEAT BELT VIOLATION {¶ 8} Appellant argues the evidence presented was less than required to prove guilt beyond a reasonable doubt, and was insufficient to prove he failed to use "all of the available elements of a properly adjusted occupant restraining device" pursuant to Crim.R. 4513.263(B)(1). We disagree.
 {¶ 9} Said section states the following:
 {¶ 10} "(B) No person shall do any of the following:
 {¶ 11} "(1) Operate an automobile on any street or highway unless that person is wearing all of the available elements of a properly adjusted occupant restraining device, or operate a school bus that has an occupant restraining device installed for use in its operator's seat unless that person is wearing all of the available elements of the device, as properly adjusted."
 {¶ 12} An "occupant restraining device" is defined as "a seat safety belt, shoulder belt, harness, or other safety device for restraining a person who is an operator of or *Page 4 
passenger in an automobile and that satisfies the minimum federal vehicle safety standards established by the United States department of transportation." R.C. 4513.263(A)(2).
 {¶ 13} Appellant argues no evidence was presented to establish his vehicle was equipped with a shoulder strap. We disagree with this argument. Ohio State Highway Patrol Trooper Tyler Anderson specifically testified to appellant's failure to use the seat belt and shoulder strap, and testified the vehicle was equipped with a shoulder strap:
 {¶ 14} "Q. When this vehicle passed you, Trooper Anderson, did you have a chance to make any observations of the driver?
 {¶ 15} "A. I did.
 {¶ 16} "Q. And whether or not that driver was wearing his seat belt?
 {¶ 17} "A. Like every stop I make after I do a check or after it's called off by a pilot, as they go by, of course, one of our big, one of the enforcement, one of the big enforcements of the State Patrol pushes on us is to seat belt enforcement. And as he went by after Trooper Meyers explained that was the vehicle, I did look and the driver did not have his seat belt on.
 {¶ 18} "Q. How were you able to tell that?
 {¶ 19} "A. It's really not that difficult. After years of doing it, you just, you notice the seat belt either, you know, I mean comes down over their shoulder, and there's also you can see it hanging off to the side when they go by. You can see if the seat belt's going over their shoulder or not.
 {¶ 20} "Q. So you're talking about the shoulder strap.
 {¶ 21} "A. Right. *Page 5 
 {¶ 22} "Q. Well, when you stopped this vehicle, did you check to make sure that it was equipped with a shoulder strap?
 {¶ 23} "A. Yes, it was.
 {¶ 24} "Q. So you wouldn't know whether the belt strap was fastened or not?
 {¶ 25} "A. No.
 {¶ 26} "Q. But if he wasn't wearing the shoulder strap, he wasn't wearing the safety restraint system?
 {¶ 27} "A. Right, the way the manufacturer requires it to be done." T. at 33-34.
 {¶ 28} Based upon this testimony, we find sufficient evidence was presented to establish a violation of R.C. 4513.263(B)(1).
 SPEEDING VIOLATION {¶ 29} Appellant argues the evidence presented was less than required to prove guilt beyond a reasonable doubt, and was insufficient to identify his vehicle as the speeding vehicle. We disagree.
 {¶ 30} Appellant was convicted of speeding in violation of R.C.4511.21(D)(3) which states the following:
 {¶ 31} "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
 {¶ 32} "(3) If a motor vehicle weighing in excess of eight thousand pounds empty weight or a noncommercial bus as prescribed in division (B)(11) of this section, at a speed exceeding fifty-five miles per hour upon a freeway as provided in that division."
 {¶ 33} In support of his argument, appellant points to Ohio State Highway Patrol Trooper David Meyers's description of the speeding vehicle as a "dark conventional-and *Page 6 
when I say conventional, it's a tractor, the engine is out in front of the driver pose, and the driver is sitting on top of the engine. So it was a conventional tractor, dark box. Semi." T. at 15-16. Trooper Anderson testified the vehicle was "a conventional, commercial vehicle semi tractor, like Trooper Meyers explained it was. The engine is in front of the vehicle and not underneath the driver." T. at 32.
 {¶ 34} Although this discrepancy is in the record, we find the evidence as a whole sufficiently established the speeding vehicle as appellant's.
 {¶ 35} Trooper Meyers testified as to how he identified the vehicle clocked speeding via aviation and how he relayed it to Trooper Anderson on the ground:
 {¶ 36} "A. * * * This was all done within a four-quarter section. By that time I was already talking to my officer. We go by unit numbers for the most part, Unit 934, which is a Trooper Anderson. I advised him what I had a dark conventional dark box, 68 at 137, kept a visual on that vehicle until he was, the truck got up to where my officer was sitting. He was able to step out and flag the vehicle over to the side. Once the vehicle got moved over to the berm, I confirmed with my officer that he had the correct one giving a speed of 60, time 137." T. at 18.
 {¶ 37} Trooper Anderson testified to stopping the vehicle as follows:
 {¶ 38} "A. I exited my vehicle and waived him over, flagged him over is what we call it. Over to the side of the road when the vehicle went by. And Trooper Meyers acknowledged that that was the vehicle.
 {¶ 39} "Q. I was going to say, how do you know, do you know if you stopped the one he told you to — *Page 7 
 {¶ 40} "A. Trooper Meyers is really good at this. He calls off the vehicles wonderfully. If it's a commercial vehicle and he says it's a, in this case it was a dark conventional, dark box, he calls the vehicle off. If there's more semis coming down the road, he'll say it's the second semi to you. Or when the other semi passes that was in front of it, he'll say it's the next semi to you. And then when it gets in front of you we'll waive them over. And I get in the vehicle pull up behind it, and he'll let us know that that's the vehicle that he did check through the zone." T. at 31-32.
 {¶ 41} Based upon all of the cited testimony, we find sufficient evidence was presented to specifically identify appellant's vehicle as the speeding vehicle clocked by the aviation patrol.
 {¶ 42} Assignments of Error I and II are denied.
 {¶ 43} The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed. By Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio is affirmed. *Page 1